```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CLENANT NICKLES                                    CIVIL ACTION

VERSUS                                             NUMBER: 05-6295

JACK A. STEPHENS, ET AL                            SECTION: "K"(5)
```

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed <u>in forma pauperis</u> by <u>pro se</u> plaintiff, Clenant Nickles, against St. Bernard Parish Sheriff Jack Stephens, in both his "individual and official capacities", and against Lieutenant Myers of the St. Bernard Parish Sheriff's Office, in "his individual capacity". While Nickles is presently incarcerated in the Pearl River County Jail located in Poplarville, Mississippi, the instant action does not concern his present incarceration. Instead, it concerns his alleged unlawful detention for a period of five days in the St. Bernard Parish Jail for which Nickles seeks damages in the amount of $50,000.00.

Nickles alleges that on June 14, 2005, upon his release from Orleans Parish Prison, he was, pursuant to an invalid arrest warrant, "intercept[ed]" by an unnamed St. Bernard Parish Sheriff Deputy and placed in the St. Bernard Parish Jail. Upon his arrival

in the parish jail, Nickles states that he explained to Lieutenant Myers that the warrant was no longer valid because he had already served his time in connection with that particular charge.  Upon learning this, Lieutenant Myers examined Nickles' "paperwork", then placed the pertinent information into the computer, and verified that Nickles was correct.  Nickles complains, however, that Myers, at that point, took no action to facilitate his release.  Instead, Myers explained that he did not have the authority to remove the outdated arrest warrant from Nickles' record, that such action was a matter for the court and that Nickles was scheduled to go to court on the following day.

Nickles has instituted suit herein in forma pauperis pursuant to 28 U.S.C. §1915.  A proceeding brought in forma pauperis may be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law and fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii).  Giving the instant complaint a liberal reading, it is recommended that it be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his constitutional rights.  42 U.S.C. §1983.  A plaintiff must

prove both the constitutional violation and that the action was taken under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978); Polk County v. Dodson, 454 U.S. 312 (1981). "A person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Thibodeaux v. Bordelon, 740 F.2d 329, 333 (5th Cir. 1984) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)).

As set forth above, Nickles seeks to recover damages from both defendants, Sheriff Stephens and Lieutenant Myers, in their individual capacities. A state actor may be liable under §1983 in his individual capacity only if the plaintiff can establish that he "was personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981); see also Watson v. Interstate Fire & Casualty Co., 611 F.2d 120 (5th Cir. 1980). Supervisory officials, such as Sheriff Stephens, cannot be held liable pursuant to §1983 under any theory of respondeat superior simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. See Alton v. Texas A&M University, 168 F.3d 196, 200 (5th Cir. 1999); see also Baskin v. Parker, 602 F.2d 1205 (5th Cir. 1979).

In the instant matter, there is nothing to suggest that Sheriff Stephens or, for that matter, Lieutenant Myers, was personally involved with or played a role in plaintiff's arrest and subsequent five-day incarceration. Further, plaintiff's short-term custody in the St. Bernard Parish Jail does not appear attributable to any deliberate indifference on the part of defendants or any other St. Bernard Parish law enforcement officials.

The law is clear that there is no constitutional remedy for alleged damages caused by negligence on the part of officials. See Daniels v. Williams, 474 U.S. 327, 336 (1986). The presence of an un-recalled arrest warrant in the computer system does not rise above the level of negligence. Furthermore, it is unclear whose negligence caused the warrant to remain there. Normally, the Court re-calls outstanding warrants, frequently on the motion of counsel, not the Sheriff or his employees.

In addition to suing Sheriff Stephens in his individual capacity, Nickles has also sued him in his official capacity. A suit against a defendant in his official capacity is equivalent to a suit against the entity with whom he is employed, in this case St. Bernard Parish. Kentucky v. Graham, 473 U.S. 159, 165 (1985); Burge v. Parish of St. Tammany, 187 F.3d 452, 467 (5th Cir. 1999). Sheriff Stephens, as a representative of St. Bernard Parish, could be liable under §1983 in his official capacity only if his action

was in execution of an unconstitutional parish policy or custom which inflicted injury or damage upon Nickles.  <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 694 (1978).  Official parish policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations.  <u>See Monell</u>, 436 U.S. at 694.  A policy may also be evidenced by custom, that is a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.  <u>Id</u>.  Actions of officers or employees of a parish do not render the parish liable under §1983 unless they execute official policy as above defined.  <u>Webster v. City of Houston</u>, 735 F.2d 838, 841 (5th Cir.), <u>on reh'g</u>, 739 F.2d 993 (5th Cir. 1984); <u>see also</u> <u>Bd. of County Com'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 403 (1997).

In the instant matter, the sheriff deputy who "intercept[ed]" Nickles, was acting, not pursuant to any official parish policy designed to imprison people unnecessarily and without legal basis, but rather, pursuant to an outdated arrest warrant, accidentally left in the computer system.  There is no reason to think such action was customary in St. Bernard Parish.  Upon confirming the veracity of Nickles' claim, that the arrest warrant was no longer valid, Lieutenant Myers acknowledged that Nickles was correct and

advised him that the Court must deal with this issue. There is no allegation that either the Sheriff or Lieutenant Myers took action designed to prolong plaintiff's stay in the jail or prevented him from raising his position to the Court.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Nickles' suit be dismissed with prejudice under 28 U.S.C. §1915(E)(2)(B)(i) and (ii). See Marts v. Hines, 117 F.3d 1504 (5th Cir. 1997)(en banc), cert. denied, 522 U.S. 1058, 118 S.Ct. 716 (1998).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  26th  day of June, 2006.

	ALMA L. CHASEZ
	UNITED STATES MAGISTRATE JUDGE